UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIRIA HERNANDEZ,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>   Defendant. | Civil Action No. 22-00266 (CKK) |

**MEMORADUM & ORDER**

  Plaintiff, Siria Hernandez, appearing *pro se* and *in forma pauperis*, has been completely unresponsive in this matter for some time. On May 10, 2023, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and D.C. Local Civil Rule 83.23. To date, Plaintiff has failed to file any response or to otherwise participate in this case. Therefore, and for the reasons discussed below, this matter will be dismissed without prejudice for failure to prosecute.

      **I. BACKGROUND**

  Plaintiff initiated this matter on January 31, 2022, by filing a Complaint ("Compl."), ECF No. 1, seeking relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On May 17, 2022, the matter was assigned to this Court. Defendant the United States Environmental Protection Agency ("EPA") was fully served with process by July 22, 2022, *see* Returns of Service, ECF No. 9, and filed its Answer, ECF No. 12, on August 22, 2022.

  On September 13, 2022, the EPA filed a Status Report, ECF No. 13, indicating that it had completed its production to Plaintiff, and further requesting that Plaintiff review the production and then file a response indicating whether or not she was satisfied with the agency's position.

1

The Court agreed with this course of action, and entered a Minute Order on September 26, 2022, directing Plaintiff to file a response to the EPA's Status Report by October 28, 2022. If Plaintiff objected to the EPA's final production, the EPA would then propose a briefing schedule. *See id*. However, Plaintiff's October 28th deadline elapsed, and she failed to file a response to the Status Report, to seek an extension, or to otherwise respond to the Court's Minute Order.

Consequently, on May 10, 2023, the Court entered an Order, ECF No. 16, directing Plaintiff to show cause, in writing, by June 9, 2023, why this action should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and D.C. Local Civil Rule 83.23. Plaintiff was explicitly warned that failure to respond could result in the dismissal of the case. *See id*. at 2. And although the Plaintiff has not updated her address with the Court, *see* D.C. LCvR 5.1(c)(1), nor have any mailings been returned as undeliverable to her, the Court conducted its own search through the Federal Inmate Locator, and directed the Clerk of Court to send a copy of its Order to both Plaintiff's address of record and another potential address. *See id.* The deadline to show cause has since elapsed, and once again, Plaintiff has failed respond to the Court's Order, or to otherwise participate in this case.

## II.     LEGAL STANDARD

Pursuant to District of Columbia Local Civil Rule 83.23, "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that [she] must act with more diligence, or if he has failed to obey the rules or court orders[.]" *Smith–Bey v.*

*Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2370, at 205–07 (1971); citing *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2d Cir. 1986); *Cherry v. Brown–Frazier–Whitney*, 548 F.2d 965, 969 (D.C. Cir. 1976)).

The authority to dismiss suits for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Further, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff is afforded some latitude in prosecuting her case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

### III.   DISCUSSION

Plaintiff has been absent from this case since March 24, 2022, more than 15 months ago. *See* Prisoner Trust Accounting ("PTA"), ECF No. 4. She has failed to respond to the EPA's Status Report and to two of this Court's Orders. Given her failure to comply with this Court's directives and her "lengthy period of inactivity," *Smith–Bey*, 852 F.2d at 594, dismissal for failure to prosecute is appropriate. Put simply, Plaintiff has "not manifested reasonable diligence in pursuing" this matter, *see Bomate*, 761 F.2d at 714, and since she has done nothing to suggest that she intends to prosecute his claims, they will be dismissed.

Although Plaintiff has clearly failed to pursue this case, the Court is mindful of that the sanctions employed must be proportionate to the misconduct, and that less drastic sanctions other

3

than outright dismissal must be considered. *See Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1274 (1997). For that reason, and as noted, this Court provided Plaintiff with an opportunity to show cause, and further, it dismisses the Complaint without prejudice. *See James v. Nationstar Mortgage, LLC*, 323 F.R.D. 85, 86 (D.D.C. 2017) (citations omitted), *appeal dismissed*, No. 18-7186, 2019 WL 2419122 (D.C. Cir. Mar. 25, 2019).

## IV.   CONCLUSION

For all of the reasons set forth above, the Court hereby **DISMISSES** the Complaint, ECF No. 1, without prejudice pursuant to Fed. R. Civ. P. 41(b) and D.C. LCvR 83.23.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at both:

>R14847-104
>RRM Orlando[1]
>Residential Reentry Office
>6303 County Road 500
>Wildwood, FL 34875

>AND

>R14847-104
>Tallahassee Federal Correctional Institution
>Inmate Mail/Parcels
>P.O. Box 5000
>Tallahassee, FL 32314

**SO ORDERED.**

Date:  June 27, 2023

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1]   Per the Federal Inmate Locator, this is Plaintiff's most current address. *See* https://www.bop.gov/inmateloc/ (last visited and searched on 6/26/2023).